**Date Signed:**
**September 11, 2025**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SKC PROPERTIES, LLC,<br><br>　　Debtor and<br>　　Debtor-in-possession. | Case No. 24-00405<br>(Chapter 11)<br><br>Confirmation Hearing<br>Date:　August 25, 2025<br>Time:　2:00 p.m.<br>Judge:　Hon. Robert J. Faris |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 PLAN

A hearing to confirm the *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement Dated March 31, 2025* (the "Plan"),[1] filed by SKC Properties, LLC, the debtor and debtor-in-possession (the "Debtor") was held on August 25, 2025, at 2:00 p.m. ("Confirmation Hearing"), before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

84503

Bankruptcy Court for the District of Hawaii. Appearances were noted in the record.

The findings and conclusions set forth herein, together with the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### Filing of Petition and Judicial Notice

1. The Debtor commenced this Chapter 11 Case by filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on April 29, 2025 in this Court.

2. The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the pendency of the Chapter 11 Case.

3. As of the Petition Date, the Debtor owned two commercial properties that are less than a mile apart as follows: (1) the property bearing street address 1029 Kapahulu Avenue, Honolulu, Hawaii 96816 and identified with TMK No. (1) 3-2-007-019 (the "Kapahulu Property"), and (2) the property bearing street address 750 Palani Avenue, Honolulu, Hawaii 96816 and identified with TMK No. (1) 2-7-034-022 (the "Palani Property").

4. As of the Petition Date, the Debtor (and its owners) were defendants in a foreclosure action commenced by American Savings Bank ("ASB") which was pending in the Circuit Court for the First Circuit Court of the State of Hawaii, as Civil No. 1CCV-23-0001619.

5. ASB filed secured proofs of claim asserting approximately $12,262,912.39 in pre-petition loans made to the Debtor and its owners, which loans were secured by mortgages against the Palani Property and the Kapahulu Property.

**New Loan to Fund Settlement with ASB**

6. On February 3, 2025, the Debtor filed (a) a *Motion for Order Approving Settlement Agreement with American Savings Bank* ("Settlement Motion"), seeking

U.S. Bankruptcy Court - Hawaii   #24-00405   Dkt # 209   Filed 09/11/25   Page 3 of 20

to settle ASB's secured claims by paying $12,000,000.00 on or before February 28, 2025. *See* dkt. # 145.

7. On February 3, 2025, the Debtor filed its *Motion for Order Authorizing Debtor To Obtain Postpetition Secured Indebtedness* (the "DIP Financing Motion"), seeking to borrow $14,000,000.00 from Tango Juliet LLC to fund the settlement with ASB and the Plan. *See* dkt. # 146.

8. On February 19, 2025, the Court entered an *Order Granting [the Settlement Motion]* (the "Settlement Order") and an *Order Granting [the DIP Financing Motion]*. *See* dkt. ## 158, 159. On February 28, 2025, the settlement and loan transactions closed.

**Approval of Disclosure Statement, Transmittal of Solicitation Materials, and Good Faith Solicitation**

9. On April 4, 2025, the Debtor filed its *Ex Parte Motion For Entry Of An Order (1) Conditionally Approving Combined Plan Of Reorganization And Disclosure Statement; (2) And Scheduling A Combined Hearing On Final Approval Of The Disclosure Statement With Plan Confirmation And Setting Deadlines; Exhibit 1* ("Ex Parte Motion for Conditional Approval"). *See* dkt. # 172.

10. On April 4, 2025, the United States Trustee ("UST") filed its objection to the Ex Parte Motion for Conditional Approval. *See* dkt. # 173.

11. On May 8, 2025, the Court entered an *Order Approving Combined Plan of Reorganization and Disclosure Statement as Containing Adequate Information*

*and Scheduling a Confirmation Hearing and Setting Deadlines* (the "Solicitation Order") whereby the Court (a) approved the Disclosure Statement portion of the Plan as containing adequate information, (b) established July 14, 2025, as the date for the Confirmation Hearing, (c) established procedures for soliciting and tabulating votes with respect to the Plan, and (d) established procedures governing the Confirmation Hearing.

12. In accordance with the Solicitation Order, the following items were transmitted to creditors and parties in interest by the Debtor: (a) the Plan; (b) notice of the Confirmation Hearing; and (c) with respect to those holders of claims or interests in classes entitled to vote under the Plan, a Ballot. All of said documents were transmitted to the appropriate parties on or before May 12, 2025, as required by the Solicitation Order. *See* dkt. # 189 (certificate of service).

13. Service of the Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

14. Based on the record before the Court in the Chapter 11 Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions

of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

**Objections to Plan, Modification of Plan, Tabulation**

15. On June 29, 2025, creditor Steven Job filed an Objection to Chapter 11 Plan (the "Job Objection"). *See* dkt. # 188.

16. On July 7, 2025, the Debtor filed its (1) *Confirmation Brief for the [Plan]*; and (2) the *Declaration of Sharon S. Lawler in Support of Confirmation of [the Plan]*. *See* dkt. ## 190, 191.

17. On July 7, 2025, the Debtor filed the *Declaration of Allison A. Ito relating to Voting Tabulation*, attesting and certifying the method and results of the ballot tabulation ("Ballot Tabulation") for the Classes of Claims entitled to vote to accept or reject the Plan. *See* dkt. # 192.

18. Votes to accept and reject the Plan were solicited from creditors holding Claims in impaired Classes 1 and 3. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and past and present practice before the Court.

U.S. Bankruptcy Court - Hawaii   #24-00405   Dkt # 209   Filed 09/11/25   Page 6 of 20

19. The Ballot Tabulation establishes that each of Class 1 voted in favor of Confirmation of the Plan, and that Class 3 voted against Confirmation of the Plan.

20. At the initial Confirmation Hearing on July 14, 2025, the Court ~~denied confirmation of the Original Plan and~~ continued the confirmation hearing to August 25, 2025, to provide the Debtor with an opportunity to address the adequacy of the New Value Contribution as argued in the Job Objection. RJF

21. On August 11, 2025, the Debtor filed its *Supplemental Confirmation Brief for Debtor's Plan of Reorganization* (the "Supplemental Brief") and the *Declaration of Kay Nakano in Support of Conformation of Debtor's Plan of Reorganization*. See dkt. ## 203, 204.

22. In the Supplemental Brief, the Debtor confirmed that the New Value Contribution would be made by the Contributing Members in one lump sum rather than over time. See dkt. # 203 at 4.

23. At the Confirmation Hearing, counsel to Steve Job stated that his client would not oppose the Plan given that the New Value Contribution will be made in a lump sum prior to the Effective Date.

24. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not

require additional disclosure under Bankruptcy Code Sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code Section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, the acceptances of the accepting Classes are deemed to apply to the modifications. Additional notice under Bankruptcy Rule 3019(a) is not required.

25. In accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are presumed to have accepted the modifications contained in the Plan. No Holder of a Claim or Equity Interest shall be permitted to change its vote as a consequence of any such modifications.

## Job Objection Overruled

26. The Debtor has the burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

27. To the extent not resolved or withdrawn, all objections to the Confirmation of the Plan are overruled in all respects, including but not limited to the objections raised in the Job Objection.

## Bankruptcy Code Requirements for Confirmation

28. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates three (3) Classes of Claims and one (1) Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

29. The Plan specifies that Class 2 is not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code. Said Class is deemed to have accepted the Plan because they are not impaired under the Plan.

30. The Plan designates that Classes 1 and 3 are impaired and specifies the treatment of Claims in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code. Class 4 is deemed to accept the Plan as holders of Class 4 Interests are allowed to retain their Allowed Equity Interests in the Debtor under the Plan.

31. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 1 and 3. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

32. As set forth in the Ballot Tabulation, Class 1 voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code.

## Treatment of Claims

33. The holders of the Allowed Tango Juliet LLC (Secured) Claim (Class 1), the Allowed U.S. Small Business Association Secured Claim (Class 2) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims. The Treatment of Classes 1 and 2 are fair and equitable and does not unfairly discriminate against said Classes.

34. The Holders of Allowed General Unsecured Claims (Class 3) will receive more than they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, Holders of Allowed General Unsecured Claims said Class would not receive a distribution. Under the Plan, Class 3 creditors will receive a Pro Rata share of $600,000.00 (or approximately 20%). As a result, Holders of Allowed Claims in Class 3 will receive more under the Plan than in a case under chapter 7.

## Equity Interests

35. Allowed Equity Interests in Class 4 will retain their Equity Interests under the Plan.

36. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity

U.S. Bankruptcy Court - Hawaii   #24-00405   Dkt # 209   Filed 09/11/25   Page 10 of 20

Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

37. The Plan provides adequate and proper means for the Plan's implementation through use of the New Value Contribution and use of available Cash proceeds.

38. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan.

39. All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12).

40. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

41. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

42. This Court has jurisdiction over these Chapter 11 Cases, pursuant to Sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §

- 11 -

U.S. Bankruptcy Court - Hawaii    #24-00405    Dkt # 209    Filed  09/11/25    Page 11 of 20

157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

### Compliance With Section 1129(a)(1)

43. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

(a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying Sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code;

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code;

(d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code;

(e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in

accordance with the Plan provisions, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code;

(f) Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtor or the Plan;

(g) The Debtor has disclosed the identities of the managers and the entity providing property management services for the Debtor post-confirmation, consistent with the interests of creditors, equity holders, and public policy in accordance with Section 1123(a)(7) of the Bankruptcy Code;

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the Debtor submitting it as the plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

## Compliance With Section 1129(a)(2)

44. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under Section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c) The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

**Compliance With Section 1129(a)(3)**

45. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate.

46. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

**Compliance With Section 1129(a)(4)**

47. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

### Compliance With Section 1129(a)(5)

48. The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code. The identity of the individual who will serve as the Managers of the Debtor post-confirmation has been fully disclosed. The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by the Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

### Compliance With Section 1129(a)(6)

49. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

### Compliance With Section 1129(a)(7)

50. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Compliance With Section 1129(a)(8)

51. Classes 2 and 4 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 1 is impaired under the Plan and has voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code.

52. With regard to Class 3, which rejected the Plan, the cramdown requirements of Section 1129(b)(2)(A) of the Bankruptcy Code are satisfied because the Holder of the Allowed Claim in Class 3 will receive, on account of the Holder's Allowed Claim, a pro rata share of $600,000. Moreover, the Contributing Members contributed "new value" to the Debtor in the form of the New Value Contribution, among other things, that is (i) new, (ii) substantial, (iii) money or money's worth, and (iv) necessary for the Debtor's successful reorganization. Based on the foregoing, the requirements of section 1129(b) of the Bankruptcy Code are met with respect to the Rejecting Class. As such, the Plan may be confirmed notwithstanding the rejection by the Rejecting Class.

53. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

## Compliance With Section 1129(a)(9)

54. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

U.S. Bankruptcy Court - Hawaii   #24-00405   Dkt # 209   Filed 09/11/25   Page 16 of 20

### Compliance With Section 1129(a)(10)

55. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

### Compliance With Section 1129(a)(11)

56. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of this liquidating Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

### Compliance With Section 1129(a)(12)

57. All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

### Compliance With Section 1129(a)(13)

58. Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Other Matters

59. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

60. The release, injunction, and exculpation provisions (as modified in the Plan Confirmation Order) contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Estate.

61. The information contained in the Plan and Disclosure Statement contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

62. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

63. The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii    #24-00405    Dkt # 209    Filed  09/11/25    Page 18 of 20

64. The Court may properly retain jurisdiction over the matters set forth in the Plan and Bankruptcy Code Section 1142 of the Bankruptcy Code. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

65. Pursuant to Section 1146(c) of the Bankruptcy Code: (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

66. In accordance with Section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable.

67. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

68. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:

/s/ Donald L. Spafford, Jr.
DONALD L. SPAFFORD, JR., ESQ.
Counsel for Creditor Steven Job


/s/ Curtis B. Ching
CURTIS B. CHING, ESQ.
ELVINA ROFAEL, ESQ.
Counsel for Office of U.S. Trustee

Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email: cchoi@hibklaw.com;
aito@hibklaw.com

Counsel for Debtor and
Debtor-in-Possession